## LOPINSKY v. HERTZ DRIVE–UR–SELF SYSTEM, Inc., et al.

United States District Court
S. D. New York.
April 27, 1951.
Judgment Affirmed Dec. 10, 1951.

Max Aaronson, New York City, Harry Zeitlan, New York City, of counsel, for plaintiff.

John W. Trapp, New York City, Wilbur M. Jones, of New York City, of counsel, for defendant Hertz System, Inc.

RYAN, District Judge.

Defendant Hertz Drive-Ur-Self System, Inc. (hereafter, Hertz), moves in this diversity suit to vacate the service of the summons and complaint upon the ground that the court lacks jurisdiction over the person of the defendant, Fed.Rules Civ.Proc. rule 12(b) (2), 28 U.S.C.A., and for insufficiency of process, Rule 12(b) (5), urging that the service was void in that it was not made upon a proper person under Rule 4(d) (3) and (7).

It is not disputed that "Hertz" is a Delaware corporation and that it is not licensed to do business in the State of New York. Service was attempted to be effected upon one George R. Gannon, Assistant Comptroller of Carey Drivurself, Inc., a New York corporation. This service cannot be sustained unless it be shown that "Hertz" was doing business and was present within this state, and that "Carey" or Gannon was its agent.

"Hertz" carries on its corporate affairs not only in its corporate name, but also under the trade name of "Hertz–Driv-Ur-Self System". It licenses others, including "Carey" to use this trade name followed by the word "Licensee." This license is granted under a lengthy printed-form agreement which provides, insofar as we are here concerned, for the payment to "Hertz" of specified fees upon the number of cars owned and serviced by the licensee and rented to its customers. Save for its right to collect these payments and its obligation to supply forms and give other modes of co-operation to the licensee, "Hertz" appears to have undertaken to do little more. It is conceded that "Carey" held such a license and operated in this state as one of its licensees.

Plaintiff relies solely upon the relationship between "Hertz" and "Carey" as the basis for its claim that the former is doing business and is present within the state. It appears from the affidavits, and judging by present-day business standards that "Hertz" is not engaged in commercial activities here, either continuous or sporadic; it maintains no offices, employs no one and possesses no physical assets here.

Absent this jurisdictional requirement from which would follow the conclusion that "Hertz" would receive notice of the service when it was made upon "Carey", there is no need to inquire into whether it would be reasonable and fair to require it to defend here. The motion must be granted, on the record as it now stands.

Plaintiff, however, requests that she be permitted to take depositions under Rule 43(e), to secure evidence to submit in opposition to this motion. The supporting affidavits of "Hertz" contain documentary proof which stands uncontradicted. Nevertheless, it seems but fair to permit her to take the depositions requested. Jurisdiction of this motion is retained and final decision held in abeyance pending the taking of such depositions as plaintiff may elect. This shall be done within thirty days from date hereof and counsel may within that time submit such additional data and evidence as they desire.